JMR-SAA/2014R00296

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 20- 821 (RMB) |
| v. | : | |
| ALI SHER KHAN and ALI KHAN | : | 18 U.S.C. §§ 371 and 1001(a)(2) 26 U.S.C. §§ 7201 and 7202 |
| | : | 8 U.S.C. §§ 1324 and 1324a 18 U.S.C. § 2 |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Camden, charges:

## Count 1
## [18 U.S.C. § 371 – *Klein* Conspiracy]

The Defendants and Other Entities or Organizations

1.  At all times relevant to this Indictment:

a.  Broadway Food Court LLC, and its subsequent entities 201 S. Broadway Food Inc. and 208 Broadway Food Court LLC, were entities that operated the Crown Fried Chicken restaurants at 201 and 208 Broadway, Camden, New Jersey (collectively referred to as "Broadway Food Court").

b.  Janan Crown Fried Chicken, Inc., and its subsequent entities 1005 Sunset Road Food Inc. and CFC Burlington LLC, were entities that operated the Crown Fried Chicken restaurant at 1005 Sunset Road, Burlington, New Jersey (collectively referred to as "CFC Burlington").

1

c.      The Crown Fried Chicken restaurants, including Broadway
Food Court and CFC Burlington, served fried chicken and other food items on a
carry-out basis.

d.      Defendant ALI SHER KHAN was a resident of Mt. Ephraim,
New Jersey. Defendant ALI SHER KHAN was a partner in Broadway Food
Court and CFC Burlington and exercised control over every aspect of the
businesses.

e.      Defendant ALI KHAN was a resident of Clementon, New
Jersey. Defendant ALI KHAN was a partner in Broadway Food Court and
exercised control over every aspect of the business.

f.      Co-Conspirator 1 (hereinafter "CC1"), who was a co-
conspirator but not named as a defendant herein, was a resident of Burlington,
New Jersey. CC1 was a partner in Broadway Food Court and CFC Burlington
and exercised control over every aspect of the businesses.

g.      Co-Conspirator 2 (hereinafter "CC2"), who was a co-
conspirator but not named as a defendant herein, was a resident of Burlington,
New Jersey. In 2015 and 2016, CC2 was listed as the president/partner of the
Crown Fried Chicken restaurants located at 201 Broadway, Camden, New
Jersey and 1005 Sunset Road, Burlington, New Jersey on various documents
submitted to the Internal Revenue Service.

h.      Co-Conspirator 3 (hereinafter "CC3"), who was a co-
conspirator but not named as a defendant herein, was a resident of Haddon
Township, New Jersey. In or about 2016, CC3 was listed as the owner of the

2

Crown Fried Chicken restaurant located 1005 Sunset Road, Burlington, New Jersey on various documents submitted to the Internal Revenue Service.

      i.     Co-Conspirator 4 (hereinafter "CC4"), who was a co-conspirator but not named as a defendant herein, was a resident of Philadelphia, Pennsylvania. In or about March 2016, CC4 became a partner in Broadway Food Court and operated 14 South Broadway, Camden, New Jersey and exercised control over every aspect of the business.

      j.     Co-Conspirator 5 (hereinafter "CC5"), who was a co-conspirator but not named as a defendant herein, was a resident of Burlington, New Jersey. In or about 2015, CC5 was listed as the managing member of the Crown Fried Chicken restaurant located 1005 Sunset Road, Burlington, New Jersey on various documents submitted to the Internal Revenue Service.

      k.     Co-Conspirator 6 (hereinafter "CC6"), who was a co-conspirator but not named as a defendant herein, was a resident of Mt. Ephraim, New Jersey. In or about 2015 and 2016, CC6 was listed as the owner/president of the Crown Fried Chicken restaurant located at 1005 Sunset Road, Burlington, New Jersey on various documents submitted to the Internal Revenue Service.

      l.     The Internal Revenue Service ("IRS") was a constituent agency of the Treasury Department and part of the Executive Branch of the United States Government. The IRS was responsible for administering and enforcing the tax laws of the United States, collecting taxes owed by its citizens

3

and businesses to the Treasury of the United States, and providing refunds of overpaid taxes.

m.     Immigration and Customs Enforcement ("ICE") was an agency of the United States Department of Homeland Security. ICE was responsible for the oversight and regulation of immigration laws in the United States, including the enforcement of immigration laws in the work place.

Obligations to the Internal Revenue Service

2.     Any individual who was employed in the United States and earned income during a calendar year in excess of a threshold amount, was obligated to file a U.S. Individual Income Tax Return, Form 1040 ("Form 1040") with the IRS for that calendar year.

3.     Domestic corporations generally were required to file annual income tax returns, regardless of whether they had any taxable income.

a.     C Corporations were required to file annual U.S. Corporation Income Tax Returns, Form 1120 ("Form 1120") to report the income, deductions, gains, and losses from its operations. C Corporations were taxed separately from their owners.

b.     S Corporations were closely held companies that chose to be taxed under Subchapter S of Chapter 1 of the Internal Revenue Code. S Corporations were required to file annual U.S. Income Tax Returns for S Corporations Form 1120S ("Form 1120S") to report their annual gross receipts or sales, expenses, and resulting income or loss. S Corporations could elect to "pass through" any profits or losses to their shareholders for federal tax

4

purposes. If this election was made, each shareholder of the S Corporation was required to include their share of the S Corporation's income or loss on their individual income tax return, Form 1040, using a "Schedule K-1" and to pay any tax due as a result.

4.     Partnerships were required to file annual information returns, U.S. Return of Partnership Income, Form 1065 ("Form 1065"), to report the income, deductions, gains, and losses from its operations. A partnership "passed through" any profits or losses to its partners. Each partner was required to include their share of the partnership's income or loss on their individual income tax return, Form 1040.

5.     Businesses generally were required to withhold certain taxes from their employees' paychecks and pay those taxes over to the IRS. These federal employment taxes consisted of federal income tax and Federal Insurance Contribution Act taxes ("FICA taxes").

a.     Income Taxes: In general, an employer was required to deduct and withhold income tax on the amount of wages that actually or constructively were paid to its employees, and pay over those withholding taxes to the IRS.

b.     FICA Taxes: The FICA tax was comprised of two elements: Social Security taxes, which were used to fund retirement and disability benefits, and Medicare taxes, which were used to provide health and medical benefits for the aged and disabled. An employer had to deduct and withhold FICA taxes on the amount of wages that actually or constructively were paid to

5

its employees, and pay over those FICA taxes to the IRS. An employer also was responsible for paying its own FICA taxes based on the wages paid to its employees. The employee portion of FICA taxes, along with federal withholding taxes, were collectively referred to as "Trust Fund Taxes." Trust Fund Taxes and the employer's matching FICA taxes were collectively referred to as "employment taxes."

6. Federal tax laws required employers to file Form 941s, Employers Federal Quarterly Tax Returns ("Form 941"), which employers used to report and pay all Federal payroll taxes. Federal tax law required employers to file Form 941 four times per year, one for each quarter ending March 31st, June 30th, September 30th and December 31st. An employer was required to pay over its payroll taxes to the IRS, in full, by the due date of the Form 941, which was due one month after the conclusion of each quarter.

7. Section 7501 of the Internal Revenue Code provided that whenever any person was required to withhold or collect any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so withheld or collected was to be held in trust on behalf of the United States.

8. In addition, every employer generally was required to file and provide to its employees a United States Wage and Tax Statement, Form W-2 ("Form W-2"), to report, among other things, the income tax withheld from the employee and paid to the IRS.

9.      All Forms 941, 1040, 1065, 1120 and 1120S contained an acknowledgment that the signatory attested that "Under penalties of perjury, I declare that I have examined this this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete."

10.     Defendants ALI SHER KHAN and ALI KHAN, along with CC1 and CC4, were responsible for accurately collecting, accounting for, and paying taxes over to the IRS.  They were also responsible for preparing, and causing to be prepared, accurate Corporate Income Tax Returns (Form 1120 or 1120S) or Partnership Returns (Form 1065), payroll tax returns (Forms 940 and 941) and Forms W-2 for themselves and other employees.

Employee Immigration Forms

11.     Section 274A of the Immigration and Nationality Act ("the Act"), as amended by the Immigration Reform and Control Act of 1986, required employers to hire only United States citizens and aliens who were authorized to work in the United States, pursuant to Title 8, United States Code, Section 1324a(a)(1)(A).  (An "Alien" as that term is used herein, was any person not a citizen or national of the United States.  *See* Immigration and Nationality Act § 101(a)(3), 8 U.S.C. § 1101(a)(3).  This includes immigrants (lawful permanent residents) and non-immigrants).

12.     Employers were required to attest that they verified the employment eligibility of any persons hired after November 6, 1986, using the

Form I-9, Employment Eligibility Verification, pursuant to Title 8, United States Code, Section 1324a(b).

13.     As the owner of the Crown Fried Chicken restaurants, defendants ALI SHER KHAN and ALI KHAN, along with co-conspirators CC1 and CC4, were responsible for verifying that the employees of the Crown Fried Chicken restaurants were authorized to work in United States.

### The Conspiracy

14.     From on or about January 1, 2013 to on or about October 4, 2017, in Camden and Burlington Counties, in the District of New Jersey and elsewhere, defendants

ALI SHER KHAN and
ALI KHAN

did knowingly and intentionally conspire and agree with CC1,  CC2, CC3, CC4, CC5, CC6 and others, to defraud the United States and a department and agency thereof, specifically, the IRS, a constituent agency of the Department of Treasury, by impeding, impairing, obstructing and defeating the lawful governmental functions of the IRS in the ascertainment, computation, assessment, and collection of revenue, that was: (1) income taxes by filing false and fraudulent individual income tax returns, which did not report income derived from Broadway Food Court and CFC Burlington and false and fraudulent corporate and partnership returns which underreported the true amount of gross receipts earned by Broadway Food Court and CFC Burlington; and (2) federal payroll taxes by filing false and fraudulent Employer's Quarterly Federal Tax Returns, which underreported the true number of employees and

8

the true and correct wages paid to the employees and failed to pay over the appropriate taxes of said employees of Broadway Food Court and CFC Burlington, contrary to Title 26, United States Code, Sections 7202, 7206(1) and 7201.

## Object of the Conspiracy

15.    The object of the conspiracy was to defraud the IRS by concealing the gross business receipts of Broadway Food Court and CFC Burlington and the actual cash wages paid to employees of Broadway Food Court and CFC Burlington, and to prevent the Internal Revenue Service from properly assessing and collecting payroll taxes due and owing from Broadway Food Court and CFC Burlington and personal income taxes due and owing from defendants ALI SHER KHAN, ALI KHAN and, CC1 and CC4.

## Manner and Means of the Conspiracy

16.    It was part of the conspiracy that the defendants concealed the true ownership of Broadway Food Court and CFC Burlington by directing their co-conspirators to sign the U.S. Partnership Income, Forms 1065 and U.S. Corporate Income Returns, Forms 1120 and 1120S while continuing to maintain control of the business.

17.    It was further part of the conspiracy that defendants ALI SHER KHAN and ALI KHAN, along with CC1 and CC4, were paid their shares of the partnership income in cash.

18.    It was further part of the conspiracy that as the owners of Broadway Food Court and CFC Burlington, defendants ALI SHER KHAN and

9

ALI KHAN, along with CC1 and CC4, met with the businesses' accountants and provided them information about the operations of Broadway Food Court and CFC Burlington.  Defendants ALI SHER KHAN and ALI KHAN, along with CC1 and CC4, did not provide the accountants with direct access to the businesses' books and records but instead provided the accountants with deliberately-altered sales, expense and payroll figures.

19.    It was further part of the conspiracy that as the owners of Broadway Food Court and CFC Burlington, defendants ALI SHER KHAN and ALI KHAN, along with CC1 and CC4, were required to report the payroll taxes for all employees of Broadway Food Court and CFC Burlington to the IRS by filing IRS Forms 941.  Defendants ALI SHER KHAN and ALI KHAN, along with CC1 and CC4, were also required to pay to the IRS the Trust Fund Taxes for the businesses' employees on a quarterly basis.

20.    It was further part of the conspiracy that defendants ALI SHER KHAN and ALI KHAN, along with CC1 and CC4, concealed each co-conspirator's true share of their income from Broadway Food Court and CFC Burlington from the tax return preparers who prepared their U.S. Individual Tax Returns.

21.    It was further part of the conspiracy that defendants ALI SHER KHAN and ALI KHAN, along with CC1 and CC4, failed to deposit the cash gross receipts for Broadway Food Court and CFC Burlington into the businesses' bank accounts.

22.   It was further part of the conspiracy that the corporate and partnership returns that were filed on behalf of Broadway Food Court and CFC Burlington underreported the businesses' gross receipts and net profits.

23.   It was further part of the conspiracy that the conspirators hired illegal aliens to work at Broadway Food Court and CFC Burlington, paid these illegal aliens their wages in cash, failed to make the required withholdings of payroll taxes for these illegal aliens, failed to pay over to the IRS the correct payroll taxes, and failed to issue the required Forms W-2 for these illegal aliens.

24.   It was further part of the conspiracy that defendants ALI SHER KHAN and ALI KHAN, along with CC1 and CC4, concealed from the accountant who prepared the tax returns for Broadway Food Court and CFC Burlington the cash payroll payments that the defendants made to their employees and the amount of funds that the defendants took from their businesses.

25.   It was further part of the conspiracy that the conspirators filed, and caused to be filed, Forms 941 with the IRS for various quarters that did not accurately report wages filed to the alien employees and others.

26.   It was further part of the conspiracy that the conspirators maintained a secret set of accounting records, which apparently recorded accurate information concerning business gross receipts, cost of goods sold and payments made to employees and partners.  The conspirators did not provide this set of accounting records to their income tax return preparers.

27.     It was further part of the conspiracy that the conspirators under reported substantial earnings from these restaurants on their personal tax returns.

28.     It was further part of the conspiracy that the conspirators filed, and caused to be filed, false and fraudulent tax returns under the penalties of perjury.

## Overt Acts

In furtherance of the conspiracy and to effect its object, defendants ALI SHER KHAN and ALI KHAN, and their co-conspirators, both known and unknown, committed the following overt acts, among others, in the District of New Jersey and elsewhere:

29.     For 2013, defendant ALI SHER KHAN and CC1 filed, and caused to be filed, with the IRS false and fraudulent Employer's Quarterly Federal Tax Returns, Form 941, for the tax quarters identified below for CFC Burlington (under the corporate entity Janan Crown Fried Chicken Inc., also known as "Janan Crown"), with each such filing set forth below being a separate overt act:

| Corporate Name | Tax Quarter - 2013 | Date Received by IRS | Employees | Wages |
|---|---|---|---|---|
| Janan Crown | 1st | 4/30/2013 | 2 | $6,400 |
| Janan Crown | 2nd | 7/13/2013 | 2 | $2,560 |
| Janan Crown | 3rd | 10/31/2013 | 0 | $0 |
| Janan Crown | 4th | 2/5/2014 | 0 | $0 |

30.     On or about April 7, 2014, defendant ALI KHAN filed, and caused to be filed, with the IRS a 2013 Form 1065 US Return of Partnership Income

for Broadway Food Court that stated that defendant ALI SHER KHAN owned 34% of the business and, defendant ALI KHAN and CC1 each owned 33% of the business.  The return falsely listed the gross sales for Broadway Food Court as being $160,102 and stated that each partner took a Schedule K-1 distribution consisting of $5,478 for defendant ALI SHER KHAN and $5,317 for both defendant ALI KHAN and CC1.  Line 9 of that return falsely listed no salaries or wages for any employees for 2013.

31.    On or about May 17, 2014, defendant ALI SHER KHAN and CC1 filed, and caused to be filed, with the IRS a false and fraudulent Employer's Quarterly Federal Tax Return, Form 941, for the 1st quarter for CFC Burlington (under the corporate entity Janan Crown), which falsely listed that CFC Burlington had no employees and no wages had been paid to employees.

32.    On or about March 15, 2015, CC1 filed, and caused to be filed, with the IRS a 2014 Form 1120 US Corporation Income Tax Return for Janan Crown Fried Chicken that falsely listed no gross sales, no Compensation of Officers and no Salaries & Wages.  There also was no Schedule K-1 for any partner.

33.    For 2014, defendants ALI SHER KHAN and ALI KHAN and CC1 filed, and caused to be filed, with the IRS false and fraudulent Employer's Quarterly Federal Tax Returns, Form 941, for the tax quarters identified below for Broadway Food Court, with each such filing set forth below being a separate overt act:

13

| Corporate Name | Tax Quarter - 2014 | Date Received by IRS | Employees | Wages |
|---|---|---|---|---|
| Broadway Food Court | 1st | 5/9/2014 | 2 | $9,100 |
| Broadway Food Court | 2nd | 7/31/2014 | 3 | $14,000 |
| Broadway Food Court | 3rd | 1/30/2015 | 0 | 0 |
| Broadway Food Court | 4th | 1/31/2015 | 5 | $33,120 |

34.    On or about April 7, 2015, defendant ALI KHAN, managing partner, filed, and caused to be filed, with the IRS a 2014 Form 1065 US Return of Partnership Income for Broadway Food Court that stated that defendant ALI SHER KHAN owned 34% of the business and defendant ALI KHAN and CC1 each owned 33% of the business.  The return falsely listed gross sales of $234,517 and stated that each partner took a loss on their Schedule K-1 consisting of a $2,088 loss for defendant ALI SHER KHAN and a $2,027 loss for both defendant ALI KHAN and CC1.  Line 9 of that return falsely listed the total wages on Form 941 for 2014 as being only $57,020.

35.    In 2015, defendants ALI SHER KHAN and ALI KHAN, and CC1, filed, and caused to be filed, with the IRS false and fraudulent Employer's Quarterly Federal Tax Returns, Form 941, for the tax quarters identified below for Broadway Food Court, with each such filing set forth below being a separate overt act:

| Corporate Name | Tax Quarter - 2015 | Date Received by IRS | Employees | Wages |
|---|---|---|---|---|
| Broadway Food Court | 1st | 4/30/2015 | 4 | $17,400 |
| Broadway Food Court | 2nd | 8/17/2015 | 4 | $12,000 |
| Broadway Food Court | 3rd | 2/5/2016 | 0 | $0 |
| Broadway Food Court | 4th | 1/31/2016 | 0 | $0 |

The Form 941s were signed by defendant ALI SHER KHAN as managing member or defendant ALI KHAN as member.

14

36.   On or about March 15, 2016, defendant ALI SHER KHAN, as general partner, filed, and caused to be filed, with the IRS a 2015 Form 1065 US Return of Partnership Income for Broadway Food Court, that stated that defendant ALI SHER KHAN owned 34% of the business and defendant ALI KHAN and CC1 each owned 33% of the business.  The return falsely listed gross sales of $174,582 and that each partner took a loss on their Schedule K-1 consisting of a $114 loss for defendant ALI SHER KHAN and a $112 loss for both defendant ALI KHAN and CC1.  Line 9 of that return falsely listed the total wages on Forms 941 for 2015 as being only $29,600.

37.   On or about January 31, 2016, defendants ALI SHER KHAN and ALI KHAN, and CC1, filed, and caused to be filed, with the IRS a false and fraudulent Employer's Quarterly Federal Tax Return, Form 941, for the 4th quarter of 2015 for Broadway Food Court (under the corporate name 201 S. Broadway Food Inc.) which falsely listed that six employees were on the payroll and that they were paid a total of $22,080 in wages.  The Form 941 was signed by CC2 as president.

38.   On or about March 31, 2016, CC2 filed, and caused to be filed, with the IRS a 2015 Form 1120S US Income Tax Return for an S Corporation that falsely stated that CC2 was the 100% owner of the Crown Fried Chicken restaurant at 201 South Broadway, Camden, New Jersey operating under the corporate name "201 S Broadway Food Inc."  The return falsely listed the gross sales as $108,201 and stated that CC2 took a Schedule K-1 distribution of $8,359.  That return showed "Compensation of Officers" of $4,500 and

"Salaries & Wages" of $17,580 for a total of $22,350, which underrepresented the true compensation received.

39.     For 2015, defendants ALI SHER KHAN and ALI KHAN and CC1, filed, and caused to be filed, with the IRS false and fraudulent Employer's Quarterly Federal Tax Returns, Form 941, for the tax quarters identified below for CFC Burlington (under the corporate entity Janan Crown), with each such filing set forth below being a separate overt act:

| Corporate Name | Tax Quarter – 2015 | Date Received by IRS | Employees | Wages |
|----------------|--------------------|----------------------|-----------|-------|
| Janan Crown | 1st | 4/30/2015 | 2 | $8,400 |
| Janan Crown | 2nd | 7/31/2015 | 3 | $8,637 |
| Janan Crown | 3rd | 2/5/2016 | 0 | $0 |
| Janan Crown | 4th | 1/31/2016 | 0 | $0 |

The Form 941s were signed by defendant ALI SHER KHAN as managing member or defendant ALI KHAN as president and CC5 as managing member.

40.     On or about January 31, 2016, defendant ALI SHER KHAN and CC1 filed, and caused to be filed, with the IRS a false and fraudulent Employer's Quarterly Federal Tax Return, Form 941, for the 4th quarter of 2015 for 1005 Sunset Road Food Court, Inc., which falsely stated that only 4 people were employed and that they were only paid $15,080.  The Form 941 was signed by CC6 as president.

41.     On or about October 4, 2017, CC6 filed, and caused to be filed, with the IRS a 2015 Form 1120S US Income Tax Return for an S Corporation, that falsely stated that CC6 was the 100% owner of the Crown Fried Chicken restaurant at 1005 Sunset Road, Burlington, New Jersey operating under the

corporate name "1005 Sunset Road Food Court Inc." The return falsely listed gross sales of $106,171 and stated that CC6 took a Schedule K-1 distribution of $2,237. That return falsely showed "Compensation of Officers" of $4,460 and "Salaries & Wages" of $10,620.

42.    On or about January 31, 2016, defendants ALI SHER KHAN and ALI KHAN and CC1 filed, and caused to be filed, with the IRS a false and fraudulent Employer's Quarterly Federal Tax Return, Form 941, for the 4th quarter of 2015 for Broadway Food Court (under the corporate name 201 S. Broadway Food, Inc.), which falsely stated that only 4 people were employed and that they were only paid $16,700. The Form 941 was signed by CC2 as president.

43.    On or about October 4, 2017, CC2 filed, and caused to be filed, with the IRS a 2016 Form 1120S US Income Tax Return for an S Corporation that falsely stated that CC2 was the 100% owner of the Crown Fried Chicken restaurant at 201 South Broadway, Camden, New Jersey operating under the corporate name "201 Broadway Food Court Inc." The return falsely listed the gross sales as $74,284 and stated that CC2 took a Schedule K-1 loss of $6,090. That return falsely showed "Compensation of Officers" of $3,750 and "Salaries & Wages" of $12,950 for a total of $16,700.

44.    For 2016, defendant ALI SHER KHAN, CC1 and CC6 filed, and caused to be filed, with the IRS false and fraudulent Employer's Quarterly Federal Tax Returns, Form 941, for the tax quarters identified below for 1005 Sunset Road Food Court, Inc., with each such filing set forth below being a

17

separate overt act:

| Corporate Name | Tax Quarter - 2016 | Date Received by IRS | Employees | Wages |
|---|---|---|---|---|
| 1005 Sunset Road | 1st | 4/30/2016 | 4 | $16,380 |
| 1005 Sunset Road | 2nd | 2/6/2017 | 0 | $6,300 |
| 1005 Sunset Road | 3rd | 2/6/2017 | 0 | $0 |
| 1005 Sunset Road | 4th | 1/31/2017 | 0 | $0 |

The Form 941s were signed by CC6 as president.

45.     On or about October 4, 2017, CC6 filed, and caused to be filed, with the IRS a 2016 Form 1120S US Income Tax Return for an S Corporation, which falsely stated that CC6 was the 100% owner of the Crown Fried Chicken restaurant at 1005 Sunset Road, Burlington, New Jersey operating under the corporate name "1005 Sunset Road Food Court Inc." The return falsely listed the gross sales as $256,514 and that CC6 took a Schedule K-1 distribution of $823. That return falsely showed "Compensation of Officers" of $6,750 and "Salaries & Wages" of $15,930.

46.     For 2016, defendant ALI SHER KHAN and CC1 filed, and caused to be filed, with the IRS false and fraudulent Employer's Quarterly Federal Tax Returns, Form 941, for the tax quarters identified below for CFC Burlington LLC, with each such filing set forth below being a separate overt act:

| Corporate Name | Tax Quarter - 2016 | Date Received by IRS | Employees | Wages |
|---|---|---|---|---|
| CFC Burlington | 2nd | 8/5/2016 | 0 | $4,982 |
| CFC Burlington | 3rd | 10/27/2016 | 0 | $14,946 |
| CFC Burlington | 4th | 1/26/2017 | 0 | $26,946 |

47.     On or about March 30, 2017, CC3 filed, and caused to be filed, with the IRS a 2016 Form 1065 US Return of Partnership Income for CFC

Burlington LLC for the Crown Fried Chicken restaurant at 1005 Sunset Road, Burlington, New Jersey. That return falsely stated that CC2 and CC3 each owned 50% of the business. The return falsely listed gross sales of $666,678 and that each partner took a loss on their Schedule K-1 of $1,424. Line 9 of that return falsely listed the "Salaries & Wages" as $31,079 and Line 10 listed "Guaranteed Payments to Partners" of $10,000.

48.    As a result of this course of conduct, defendants ALI SHER KHAN, ALI KHAN, and CC1 underreported more than $1,055,498 of Broadway Food Court cash payroll and failed to collect, account for, and pay over approximately $200,839 in payroll taxes due and owing to the IRS for 2013 through 2016.

49.    As a result of this course of conduct, defendant ALI SHER KHAN and CC1 failed to report more than $648,837 of CFC Burlington cash payroll and failed to collect, account for, and pay over approximately $107,903 in payroll taxes due and owing to the IRS for 2013 through 2016.

50.    Defendant ALI SHER KHAN subscribed false and fictitious personal income tax returns (Form 1040) for calendar years 2013 through 2016, which did not report or otherwise disclose approximately $831,517 in income from Broadway Food Court and CFC Burlington, thereby failing to pay over approximately $252,131 in taxes due and owning.

51.    Defendant ALI KHAN subscribed false and fictitious personal income tax returns (Form 1040) for calendar years 2013 through 2016, which did not report or otherwise disclose approximately $394,894 in income from

19

Broadway Food Court, thereby failing to pay over approximately $113,836 in taxes due and owning.

52.    CC1 filed false and fictitious personal income tax returns (Form 1040) for calendar years 2013 through 2016, which did not report or otherwise disclose approximately $831,517 in income from Broadway Food Court and CFC Burlington, thereby failing to pay over approximately $252,700 in taxes due and owning.

In violation of Title 18, United States Code, Section 371.

## COUNTS 2 to 22
### [26 U.S.C. § 7202 – Failure to Collect, Account for and Pay Over Payroll Taxes]

1.      Paragraphs 1 through 14 and 16 through 52 of Count 1 of this Indictment are incorporated as if set forth in full herein.

2.      On or about the dates set forth below (the tax quarter ending), in the District of New Jersey and elsewhere, defendants

ALI SHER KHAN, and
ALI KHAN,

being persons required to collect, account for, and pay over to the Internal Revenue Service on behalf of Broadway Food Court and CFC Burlington, income, Social Security and Medicate taxes imposed on their employees by the Internal Revenue Service, did willfully fail to collect and truthfully account for and pay over to the Internal Revenue Service federal income tax withholdings and Federal Insurance Contribution Act taxes due and owing to the United States on behalf of employees of Broadway Food Court and CFC Burlington for the following quarters, with each calendar quarter constituting a separate count of the Indictment:

| Count | Defendant | Tax Quarter Ending | Date Filed | Trust Fund Taxes Due (Income + FICA) | Corporate Entity |
|---|---|---|---|---|---|
| | **2014** | | | | |
| 2 | Ali Sher Khan, Ali Khan | 9/30/2014 | 1/30/2015 | $15,263 | Broadway Food Court LLC |
| 3 | Ali Sher Khan, Ali Khan | 12/31/2014 | 1/30/2015 | $11,973 | Broadway Food Court LLC |
| 4 | Ali Sher Khan | 9/30/2014 | 10/31/2014 | $8,291 | Janan Crown Fried Chicken |
| 5 | Ali Sher Khan | 12/31/2014 | 1/30/2015 | $7,865 | Janan Crown Fried Chicken |
| | **2015** | | | | |
| 6 | Ali Sher Khan, Ali Khan | 3/31/2015 | 4/30/2015 | $13,444 | Broadway Food Court LLC |
| 7 | Ali Sher Khan, Ali Khan | 6/30/2015 | 8/17/2015 | $14,861 | Broadway Food Court LLC |
| 8 | Ali Sher Khan, Ali Khan | 9/30/2015 | 2/5/2016 | $15,259 | Broadway Food Court LLC |
| 9 | Ali Sher Khan, Ali Khan | 12/31/2015 | 1/31/2016 | $12,771 | 201 S. Broadway Food Court LLC |
| 10 | Ali Sher Khan | 3/31/2015 | 4/30/2015 | $5,734 | Janan Crown Fried Chicken |
| 11 | Ali Sher Khan | 6/30/2015 | 7/31/2015 | $6,362 | Janan Crown Fried Chicken |
| 12 | Ali Sher Khan | 9/30/2015 | 2/5/2016 | $10,156 | Janan Crown Fried Chicken |
| 13 | Ali Sher Khan | 12/31/2015 | 1/31/2016 | $5,899 | 1005 Sunset Rd Food Inc. |
| | **2016** | | | | |
| 14 | Ali Sher Khan, Ali Khan | 3/31/2016 | 4/30/2016 | $11,737 | 201 S. Broadway Food Court LLC |
| 15 | Ali Sher Khan, Ali Khan | 6/30/2016 | 8/5/2016 | $10,073 | 208 Broadway Food Court LLC |
| 16 | Ali Sher Khan, Ali Khan | 9/30/2016 | 10/27/2016 | $10,113 | 208 Broadway Food LLC |

| 17 | Ali Sher Khan, Ali Khan | 12/31/2016 | 1/26/2017 | $8,305 | 208 Broadway Food LLC |
| 18 | Ali Sher Khan | 3/31/2016 | 4/30/2016 | $4,944 | 1005 Sunset Rd Food Inc. |
| 19 | Ali Sher Khan | 6/30/2016 | 2/6/2017 | $3,230 | 1005 Sunset Rd Food Inc. |
| 20 | Ali Sher Khan | 6/30/2016 | 8/5/2016 | $3,379 | CFC Burlington LLC |
| 21 | Ali Sher Khan | 9/30/2016 | 10/27/2016 | $5,698 | CFC Burlington LLC |
| 22 | Ali Sher Khan | 12/31/2016 | 1/26/2017 | $5,487 | CFC Burlington LLC |

In violation of Title 26, United States Code, Section 7202, and Title 18,

United States Code, Section 2.

## COUNTS 23 to 25
### [26 U.S.C. § 7201 – Income Tax Evasion]

1.      Paragraphs 1 through 14 and 16 through 52 of Count 1 of this Indictment are incorporated as if set forth in full herein.

2.      During tax years 2014, 2015, and 2016, as listed in the table in paragraph 6 below, defendant ALI SHER KHAN obtained funds from the Crown Fried Chicken restaurants operated by Broadway Food Court and CFC Burlington in the approximate amounts listed in that table.

3.      Upon that income, there was owing to the United States an income tax in the approximate amounts listed in the table in paragraph 6 below by defendant ALI SHER KHAN.

4.      On or about the dates listed in the table in paragraph 6 below, defendant ALI SHER KHAN filed, and caused to be filed, with the Internal Revenue Service Forms 1040, U.S. Individual Income Tax Returns, for himself and his wife for the tax years listed in that table, which tax returns concealed the income described in paragraph 2 above and in the table below.

5.      During tax years 2014, 2015, and 2016, defendant ALI SHER KHAN engaged in numerous affirmative acts to conceal and attempt to conceal the income described in paragraph 2 above and the table below, in order to evade the assessment of a tax, including, among others: (a) using nominees to sign the Corporate or Partnership tax returns for Broadway Food Court and CFC Burlington; (b) concealing from his income tax preparer the secret set of accounting records for Broadway Food Court and CFC Burlington which documented the actual amount of funds defendant ALI SHER KHAN received

24

from those businesses; and (c) filing and causing to be filed Forms 1040 with the IRS that did not include the true income that was taken from Broadway Food Court and CFC Burlington, as described in Count 1 and in paragraph 6 below, and therefore materially understated the true amount of income that defendant ALI SHER KHAN received.

6.      On or about the dates set forth below, in Camden County, in the District of New Jersey and elsewhere, defendant

ALI SHER KHAN

did willfully attempt to evade and defeat a substantial part of the income tax due and owing to the United States for the tax years set forth below, by committing the affirmative acts of tax evasion set forth in paragraph 5 above, among others, with each tax year constituting a separate count of this Indictment:

| Count | Tax Year | Approximate Date Form 1040 Filed | Approximate Undeclared Income | Approximate Tax Due |
|-------|----------|----------------------------------|-------------------------------|---------------------|
| 23    | 2014     | April 15, 2015                   | $217,883                      | $64,283             |
| 24    | 2015     | April 15, 2016                   | $260,161                      | $71,753             |
| 25    | 2016     | April 15, 2017                   | $195,332                      | $70,243             |

In violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

## COUNTS 26 to 28
### [26 U.S.C. § 7201 – Income Tax Evasion]

1.      Paragraphs 1 through 14 and 16 through 52 of Count 1 of this Indictment are incorporated as if set forth in full herein.

2.      During tax years 2014, 2015, and 2016, as listed in the table in paragraph 6 below, defendant ALI KHAN obtained funds from the Crown Fried Chicken restaurant operated by Broadway Food Court in the approximate amounts listed in that table.

3.      Upon that income, there was owing to the United States an income tax in the approximate amounts listed in the table in paragraph 6 below by defendant ALI KHAN.

4.      On or about the dates listed in the table in paragraph 6 below, defendant ALI KHAN filed, and caused to be filed, with the Internal Revenue Service Forms 1040, U.S. Individual Income Tax Returns, for himself and his wife for the tax years listed in that table, which tax returns concealed the income described in paragraph 2 above and in the table below.

5.      During tax years 2014, 2015, and 2016, defendant ALI KHAN engaged in numerous affirmative acts to conceal and attempt to conceal the income described in paragraph 2 above and the table below, in order to evade the assessment of a tax, including: (a) using nominees to sign the Corporate or Partnership tax returns for Broadway Food Court; (b) concealing from his income tax preparer the secret set of accounting records for Broadway Food Court which documented the amount of funds defendant ALI KHAN received from that business; and (c) filing and causing to be filed Forms 1040 with the

26

IRS that did not include the true income that was taken from Broadway Food Court as described in Count 1 and set forth in paragraph 6 below, and therefore materially understated the true amount of income that defendant ALI KHAN received.

6.      On or about the dates set forth below, in Camden County, in the District of New Jersey and elsewhere, defendant

ALI KHAN

did willfully attempt to evade and defeat a substantial part of the income tax due and owing to the United States for the tax years set forth below, by committing the affirmative acts of tax evasion set forth in paragraph 5 above, among others, with each tax year constituting a separate count of this Indictment:

| Count | Tax Year | Approximate Date Form 1040 Filed | Approximate Undeclared Income | Approximate Tax Due |
|-------|----------|----------------------------------|-------------------------------|---------------------|
| 26 | 2014 | April 15, 2015 | $103,570 | $33,987 |
| 27 | 2015 | April 15, 2016 | $135,024 | $38,210 |
| 28 | 2016 | April 15, 2017 | $62,371 | $17,009 |

In violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

27

## COUNT 29
### [8 U.S.C. § 1324(a)(1)(A)(iii) – Harboring Illegal Aliens]

1.      Paragraphs 1 through 14 and 16 through 52 of Count 1 of this Indictment are incorporated as if set forth in full herein.

2.      At various times relevant to this Indictment:

a.      Defendants ALI SHER KHAN and ALI KHAN, and CC1 hired aliens from foreign countries, including Pakistan, to work at various Crown Fried Chicken locations in southern New Jersey.  These illegal aliens were not authorized to lawfully work in the United States.

b. .    Defendants ALI SHER KHAN and ALI KHAN, and CC1 permitted the illegal aliens to live at locations that they owned and controlled, including,

i.      a residence on West Collings Avenue in Haddon Township, New Jersey;

ii.     a condominium on Liberte Court in Burlington Township, New Jersey; and

iii.    an apartment on Broadway in Camden, New Jersey (collectively referred to as "the Three Residences").

c.      The aliens working at the Crown Fried Chicken stores were paid wages in cash.  To stay at the locations in paragraph 2(b) above, the aliens either paid rent to defendants ALI SHER KHAN and ALI KAHN, and CC1 or their rent was deducted from the wages that the aliens were paid.  Those rent payments were not reported on the defendants' corporate income tax returns or their individual income tax return.

3.       From at least as early as in or about January 2013 to on or about

October 24, 2018, in the District of New Jersey and elsewhere, defendants

**ALI SHER KHAN and
ALI KHAN**

did knowingly and in reckless disregard of the fact that aliens had come to,

entered and remained in the United States in violation of law, did conceal,

harbor, and shield from detection, and aid and abet the concealment,

harboring, and shielding from detection, such aliens in buildings and other

places for the purpose of commercial advantage and private financial gain by

providing such aliens with lodging, at locations such as the Three Residences

described in paragraph 2(b) above, paying salaries in cash and not disclosing

the aliens' employment to federal entities.

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and

(a)(1)(B)(i), and Title 18, United States Code, Section 2.

## COUNT 30
### [8 U.S.C. § 1324a(a)(1)(A) – Unlawful Employment of Aliens]

1.     Paragraphs 1 through 14 and 16 through 52 of Count 1 and paragraph 2 of Count 29 of this Indictment are incorporated as if set forth in full herein.

2.     From at least as early as in or about January 2013 to on or about October 24, 2018, in the District of New Jersey and elsewhere, defendants

ALI SHER KHAN and
ALI KHAN

engaged in a practice and pattern of hiring for employment in the United States and continued to employ one or more aliens, whose identities are known to the Grand Jury, knowing that such aliens were unauthorized aliens, as defined in Title 8, United States Code, Section 1324a(h)(3), namely, aliens who were not lawfully admitted for permanent residence and not authorized to be employed in the United States, with respect to such employment.

In violation of Title 8, United States Code, Sections 1324a(a)(1)(A) and (f)(1), and Title 18, United States Code, Section 2.

**COUNT 31**
**[False Statements - 18 U.S.C. § 1001(a)(2)]**

1.      Paragraphs 1 through 14 and 16 through 52 of Count 1 this Indictment are incorporated as if set forth in full herein.

2.      The Federal Bureau of Investigation ("FBI") was a constituent agency of the United States Department of Justice, with the authority to enforce Immigration laws under Title 8 of the United States Code.

3.      On or about October 24, 2018, defendant ALI SHER KHAN was interviewed by Special Agents of IRS-Criminal Investigation ("IRS-CI") and the FBI regarding his involvement with the Crown Fried Chicken restaurants. During that interview, defendant ALI SHER KHAN made the following materially false statements to the Special Agents:

- ALI SHER KHAN did not "run" the Crown Fried Chicken restaurants.

- ALI KHAN and CC2 "mostly" handled the hiring and firing of employees at the Crown Fried Chicken restaurants.

- With respect to the accounting books and records for the restaurants, ALI KHAN and CC2 handled "everything" and ALI SHER KHAN had "no idea what they do."

- ALI SHER KHAN "never" signed the partnership tax returns or payroll tax returns.

- ALI SHER KHAN did not supply any information to the restaurant accountants to help prepare the restaurants' tax returns, and ALI SHER KHAN did not know who the restaurant employees were or how much they got paid.

4.      Defendant ALI SHER KHAN's statements and representations set forth in paragraph 3 above were false because, as defendant ALI SHER KHAN then and there knew, he ran all aspects of the Crown Fried Chicken

31

restaurants, including hiring employees, and he also provided information to the accountants for the preparation of tax returns.

5.      On or about October 24, 2018, in Camden County, in the District of New Jersey, and elsewhere, defendant

ALI SHER KHAN

did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations, as set above in paragraph 3 of Count 31 of this Indictment, in a matter within the jurisdiction of the executive branch of the Government of the United States, namely a criminal investigation conducted by the IRS-CI and the FBI.

In violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL,



FOREPERSON

CRAIG CARPENTIO
United States Attorney

CASE NUMBER:  20-

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

ALI SHER KHAN
ALI KHAN

INDICTMENT FOR
18 U.S.C. § 371
26 U.S.C. § 7201
26 U.S.C. § 7202
8 U.S.C. § 1324
18 U.S.C. § 1001
118 U.S.C. § 2

A True Bill

Foreperson

CRAIG CARPENITO
U.S. ATTORNEY, NEWARK, NEW JERSEY

JASON M. RICHARDSON
SARA ALIABADI
ASSISTANT U.S. ATTORNEYS
CAMDEN, NEW JERSEY
(856) 757-5026

USA-48AD8
(Ed. 1/97)